IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES,

        Petitioner,

v.                              MISCELLANEOUS ACTION NO. 5:09-mc-00043

GERARD O'SHEA and
KATHNELL O'SHEA,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Internal Revenue Service's (IRS) Petition for judicial enforcement of administrative summonses issued to Gerard and Kathnell O'Shea. The summonses seek documents and records pertaining to two trusts, the G and K Trust and the Genesis Trust, allegedly administered by the O'Sheas. By Memorandum Opinion and Order dated September 9, 2009, the Court found the summonses to enforceable in part notwithstanding the O'Sheas' assertion of the Fifth Amendment privilege against self-incrimination. *United States v. O'Shea*, __ F. Supp. 2d __ (S.D. W. Va. 2009).

The Court delayed enforcement of the summonses, however, until concerns regarding other privileges were addressed. The concerns arise from the IRS's requests for "Correspondence between you and any other trustees, trustors, beneficiaries and any other persons involved with the trust(s)" and "Correspondence with attorneys working on behalf of the trust(s)." (Docket 1-2.) These requests appear to implicate marital or attorney-client privileges which had not been raised

by the O'Sheas prior to the entry of the Court's Order.  The O'Sheas, who are proceeding pro se, had relied exclusively on the Fifth Amendment to resist the summonses.  Owing to a reluctance to find that important privileges may have been impliedly waived by parties proceeding without the aid of counsel, the Court granted the O'Sheas leave to assert the privileges.  The O'Sheas timely filed a statement asserting the privileges but did not provide a factual basis for the privileges.

In its response, the Government proposes either of two actions.  The Government first argues that the Court should deny the assertion of the privileges because the O'Sheas have failed to establish a prima facie entitlement to the privileges.  In the alternative, the Government proposes that the Court direct the O'Sheas to file privilege logs and submit the documents to the Court for in camera review.  The Court finds the latter proposal to be the most prudent course of action.

Accordingly, for all documents that fit the descriptions set forth in the requests numbered 5 and 6 in the summonses, (Docket 1-2), the O'Sheas are **DIRECTED** to submit a privilege log to the Court listing the documents and containing the following information with respect to each document:

    1.    The date the document was generated, prepared, or dated;

    2.    The author and addressee;

    3.    A general description of its contents;

    4.    All persons or entities shown on the document to have sent or received the document;

    5.    All persons or entities known to have been furnished the document or informed of its contents; and

    6.    For any document for which attorney-client privilege is claimed, the name of the attorney and client.

Additionally, the O'Sheas shall submit an affidavit showing the date and place of their marriage to support any claim of marital privilege.

The O'Sheas are further **DIRECTED** to file with the Court a copy of each document referenced in the privilege log. The documents are to be filed with a cover page expressly referring to this Order and indicating to the Clerk that the documents are to be placed under seal. The Court shall review the documents in camera to determine whether the privileges are validly asserted.

The privilege log and documents described above shall be filed with the Court on or before **Tuesday, October 27, 2009**.

The O'Sheas are reminded that they bear the burden of demonstrating that the documents requested by the IRS are subject to privilege. *See United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). Failure to comply with this Order shall be deemed a waiver of these privileges.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 13, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE